**Alvin KUTZLEB et al., Appellants,**

v.

**Amelia ZIPPER et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

Harry H. Wilson, Munfordville, Thos. S. Dawson, Louisville, for appellants.

Raymond L. Sales, Anthony Hellmann, Louisville, for appellees.

CULLEN, Commissioner.

The three presently surviving sons of Adolphena Kutzleb brought suit against their sister, Amelia, for a construction of the will of their mother. The court held that under the will, Amelia was given the equivalent of a life estate in certain residential real estate owned by the testatrix, together with a one-half remainder interest in fee. The sons have appealed, contending that the will contemplated that the real estate be sold within a reasonable period after the testatrix' death, and the proceeds then divided as specified in the will.

This is the will:

"This is my last will and testament.

I am of sound mind, so wish this my last will carried out as written.

I am not obligated to either or any of my children.

1st My daughter Amelia to have all of my jewelry, wearing apparel, and whatever household goods I still own.

All cash on hand and notes to go to my daughter Amelia who has always taken care of me.

My funeral expenses Dr's and what-ever other expenses come up through my last illness, should be paid out of my estate.

2nd I appoint my grandson by marriage (George Lauer) Administrator of my will, to be assisted by my daughter Amelia as to the selling of my ~~house~~ property. My daughter to have the income of ~~house~~ house, untill such time that she sees fit to sell my property. After sale of same my daughter Amelia is to have half of selling price and the other half to be divided between my four sons, Erwin, Paul, Alvin, & Edward. Should any one of my four boys have died before estate is settled, their share should be divided between my surviving boys with the assistance of George M. Lauer my Administrator. I ask my dear children to put a modest marker at our grave, and put lot in perpetual care. I hope this is satisfactory to all. I had a blessed life with the blessing of God.

I am happy and resting.

Adolphena Kutzleb"

The chancellor was of the opinion that the sentence in the second clause of the will, giving Amelia the income from the real estate "until such time that she sees fit to sell my property," necessarily gave Amelia the discretion to hold the property until her death. The sons argue that, taking the will as a whole, the intent is apparent that the real estate be sold sometime during the normal period of administration.

The will was executed in 1933. The testatrix died in 1943. Following her death, Amelia took charge of the estate and continued in control and possession of it until 1953, when this suit for construction of the will was filed. The administrator named in the will never attempted to qualify or act, perhaps one of the reasons for this being the fact that he was a nonresident of Kentucky.

The judgment of the lower court was entered on the pleadings. No facts were alleged in the pleadings concerning the family situation, other than the allegation of Amelia that she had always borne the burden of taking care of her mother. This allegation is supported by the statement in the will that "Amelia * * * has always taken care of me".

A portion of the argument of the sons is predicated on the statement in their brief that they are "very old and have a very short time to live," and the prospect of their outliving Amelia is remote. However, these facts are not in the record.

The substance of the argument for the sons is that, taking the will as a whole, it is evident that the testatrix intended her sons to share in her estate during their lifetime, and that to permit Amelia to keep the real estate until she sees fit to sell it will have the effect of defeating that intent. They point out that the will treats the four sons as individual, personal beneficiaries, rather than as heads of lines of descent, and therefore they argue that their mother intended them to receive something as individuals.

The sons point further to the fact that the will directs the *administrator* to sell the real estate, with the *assistance* of Amelia; that the gift over to the surviving sons refers to death "before the estate is settled;" and that the will provides for division of the proceeds of sale with the "assistance" of the administrator. From all these things, it is contended, the testatrix must have intended a sale and distribution during the normal course of administration, with Amelia having discretion only as to the selection of an appropriate time for the sale.

On the other side, we have the fact that the mother clearly intended to make suitable provision for Amelia, in preference to the sons, because "Amelia has always taken care of me". This is evidenced by the gift to Amelia of all the personal estate, together with the income from the real estate. We have the further fact that the will states specifically that Amelia is to have the income from the real estate "until such time as she sees fit" to sell it. This is strong evidence of intent that so long as Amelia considered the real estate a suitable investment, she could continue to hold it as

part of the mother's estate, but if she decided to no longer keep the real estate "in the family" she must divide the proceeds with her brothers. This intent is typical of the desire shown in the wills of many persons that the property they have accumulated during their lifetime be retained intact and utilized by their children.

We are unable to say that the construction placed upon the will by the chancellor is erroneous.

The judgment is affirmed.